# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ETERNITY MART, INC. d/b/a<br>GREAT DEALS OF TEXAS<br><br>      Plaintiff,<br><br>      v.<br><br>NATURE'S SOURCES, LLC,<br><br>      Defendant. | )<br>)<br>)<br>)<br>)   Case No.<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

Plaintiff, Eternity Mart, Inc. d/b/a Great Deals of Texas ("Plaintiff" or "Eternity Mart"), by and through its undersigned attorneys, brings this Complaint against Defendant Nature's Sources, LLC ("Defendant" or "Nature's Sources"), and alleges as follows:

## NATURE OF ACTION

1. This is a civil action brought against Nature's Sources for: intentional interference with business relationships and defamation per se.

2. On February 6, 2019, Nature's Sources submitted a complaint to Amazon alleging that Great Deals of Texas was marketing and/or selling counterfeit products manufactured by Nature's Sources under the brand name AbsorbAid®.

3. After receiving notice on February 6, 2019, of Nature's Sources complaint to Amazon, Eternity Mart timely responded that it had not ever marketed or sold counterfeit AbsorbAid® products.

4. After reviewing the matter, Nature's Sources recognized that it had falsely accused Plaintiff of counterfeiting and retracted its complaint to Amazon.

5. Notwithstanding Nature's Sources' retraction, Amazon suspended Eternity Mart.

6. Eternity Mart repeatedly requested that Nature's Sources inform Amazon that Eternity Mart was authorized to market and sell Nature's Sources products. For weeks, Nature's Sources refused to do so, and Amazon did not reinstate Eternity Mart.

7. This action for intentional interference with business relationship and defamation per se claims Eternity Mart's right to recover damages caused by Nature's Sources false counterfeiting complaint to Amazon that led to Eternity Mart's suspension from doing business on Amazon for approximately four weeks.

## JURISDICTION AND VENUE

8. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1332(a).

9. Eternity Mart is a corporation organized under the laws of Texas, with its principal place of business located in Denton, Texas. None of Eternity Mart's officers or directors are residents of Illinois.

10. Nature's Sources is a limited liability company organized under the laws of Illinois, with its principal place of business in Niles, Illinois. Upon information and belief, none of Nature's Sources' members are residents of Texas.

11. The amount in controversy exceeds $75,000.00, exclusive of interest and costs.

12. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b)(2) and (c)(2), because the lawsuit involves actions that took place in the Northern District of Illinois.

## FACTS

13. Eternity Mart is a reseller of over 20,000 natural, organic, and specialty products carrying over 700 brands. Eternity Mart does business through a variety of on-line sites and channels, including on the omnipresent Amazon under the store front name – Great Deals of Texas.

14. According to the Nature's Sources' website, it produces a 100% plant-based human digestive enzyme formula called AbsorbAid®. Nature's Sources sells AbsorbAid® widely throughout the United States in over 8,000 retail establishments, including, health food stores, large chains as well as independents, pharmacies, and grocery stores. In addition, Nature's Sources sells through giant distributors, such as UNFI and Threshold. AbsorbAid® is also available overseas in parts of Asia, Singapore, England, Israel, China, and Indonesia with distribution to over 4,000 retail locations.

15. Amazon's market power and reach make it a nearly indispensable part of e-commerce for many companies, including Eternity Mart.

16. Sales on Amazon account for approximately 97% of Eternity Mart's annual revenues.

17. Nature's Sources represents a small fraction of Eternity Mart's product offerings, and Eternity Mart sold a de minimis quantity of AbsorbAid® products.

18. Eternity Mart, d/b/a Great Deals of Texas on Amazon, marketed certain Nature's Sources' products, including AbsorbAid®.

19. Eternity Mart has a distributor relationship with KeHE, Distributors, LLC ("KeHE"), which is an authorized distributor for Nature's Sources. Based on these relationships, Nature's Sources could have, but never blocked or prevented Eternity Mart from marketing AbsorbAid® on Amazon.

20. On February 6, 2019, Amazon e-mailed Eternity Mart to report that Amazon had received a complaint that Eternity Mart was infringing on trademark rights by listing counterfeit products on Amazon. This notification identified Nature's Sources' products by Amazon Standard Identification Number ("ASIN") and identified the rights owner as Nature's Sources. (Exhibit A hereto.)

21. On February 7, 2019, even though Eternity Mart was not infringing on trademark rights and had not listed any counterfeit products of Natures' Sources, Eternity Mart closed the product listings for the Nature's Sources products that were the subject to the complaint to Amazon.

22. On February 26, 2019, an Amazon representative called Eternity Mart and asked for invoices, authorization to sell the AbsorbAid® products, or other evidence that Eternity Mart was not infringing on Nature's Sources' trademark rights by selling counterfeit products.

23. During that phone call, Eternity Mart explained to Amazon that Eternity Mart had sold none of the AbsorbAid® products at issue and that Eternity Mart had not listed any counterfeit products on Amazon.

24. Because Eternity Mart had no existing sales of the AbsorbAid® products at issue nor any corresponding invoices prior to February 26, 2019, Eternity Mart placed an order for AbsorbAid® products from KeHE, an authorized distributor, to demonstrate Eternity Mart's authority to sell Nature's Sources' products. This order generated an invoice which showed that Eternity Mart was authorized to market and sell Nature's Sources' products and that there were no counterfeit product listings.

25. On February 27, 2019, Eternity Mart sent the aforementioned invoice to Amazon.

26. That same day Amazon suspended Eternity Mart's store front Great Deals of Texas.

27. Amazon notified Eternity Mart via e-mail dated February 27, 2019, that Eternity Mart's "account has been temporarily deactivated. Your listings have been removed. Funds will not be transferred to you but will stay in your account while we work with you to address this issue." (Exhibit B hereto.)

28. Amazon explained that it took this action because Nature's Sources had reported counterfeiting regarding ASIN: B000VYXDIQ and B001E0WEUY. (*Id.*)

29. Amazon further explained that Eternity Mart could reactivate its account by providing: proof of authenticity (e.g., invoice, Order ID, letter of authorization, licensing agreement or court order) for the alleged infringing listings. (*Id.*)

30. Eternity Mart, with the assistance of a specialized consulting firm for Amazon appeals, immediately appealed the deactivation by submitting a plan of action to Amazon on February 27, 2019. Eternity Mart explained that: (1) it had authority to list the Nature's Sources products at issue based on its relationship with a large distributor, KeHE; (2) it had not sold Nature's Sources products at issue within the past year; (3) Nature's Sources did not do a test buy, and if it had done so, then Nature's Sources would have discovered that its counterfeit claim was unfounded; and (4) because Eternity Mart used an Amazon store front name, Great Deals of Texas, Nature's Sources wrongly concluded that product listings were counterfeit and filed false charges against Eternity Mart, which caused the shut-down of Eternity Mart's account on Amazon.

31. As part of Eternity Mart's response on February 27, it sent Amazon an invoice reflecting a recent purchase of ASIN B000VYXDIQ and B001E0WEUY to demonstrate that these Nature's Sources products were available to Eternity Mart through an authorized distributor, KeHE.

32. On February 27, 2019, Eternity Mart informed Amazon and Nature's Sources that Eternity Mart closed listings for ASIN B000VYXDIQ and B001E0WEUY. Eternity Mart stated to Nature's Sources that it would not sell these products and asked Nature's Sources to retract the counterfeiting claims.

33. On March 4, 2019, Amazon rejected Eternity Mart's appeal of its suspension. Amazon repeated its prior request for proof of authenticity (e.g., invoice, Order ID, letter of authorization, licensing agreement or court order) for the alleged infringing listings and demanded that Eternity Mart clearly prove that it had not violated Nature's Sources' intellectual property rights.

34. That same day Eternity Mart contacted Barbara Zawacki of Nature's Sources and requested a retraction of the counterfeiting claims. On March 4, 2019, Nature's Sources sent a letter to Amazon retracting the complaint against Great Deals of Texas because Nature's Sources realized that ASIN B000VYXDIQ and B001E0WEUY goods listed were authentic.

35. On March 9 and 12, 2019, Amazon again rejected Eternity Mart's efforts to get reinstated. In addition to Nature's Sources' retraction, Amazon insisted on a letter of authorization and/or other forms of proof of product authenticity.

36. During the first two weeks of March 2019, Eternity Mart repeatedly asked Nature's Sources to send a letter of authorization to Amazon. On March 9, 2019, Allen Kaplun of Eternity Mart met with Lee Frank, the founder of Nature's Sources, at an industry trade show (Natural Products Expo West) in Anaheim, California. Kaplun explained the situation to Frank and asked him to send a letter of authorization to Amazon. On March 12, 2019, Kaplun followed up with Barbara Zawacki to repeat the request for a letter of authorization. Nature's Sources ignored these requests and/or refused to send such a letter until March 21, 2019, when it changed course and sent

a letter to Amazon confirming that: "Eternity Mart, Inc., which operates under the Amazon storefront name Great Deals of Texas, is authorized to sell products with the Absorbaid brand on Amazon.com." (Exhibit C hereto.)

37. On March 21, 2019, Amazon reinstated Eternity Mart.

**COUNT I – INTENTIONAL INTERFERENCE WITH BUSINESS RELATIONSHIP**

38. Plaintiff repeats and realleges paragraphs 1 through 37 as if fully restated herein.

39. Eternity Mart has a valid business relationship with Amazon. Eternity Mart entered into its relationship with Amazon in 2012 and uses a store front, Great Deals of Texas, to do business on Amazon.

40. In order to do business on Amazon, Eternity Mart entered into the Amazon Services Business Solutions Agreement. This Amazon Agreement sets forth terms and conditions for doing business with Amazon

41. Eternity Mart, through the Great Deals of Texas store front, listed various products manufactured by Nature's Sources.

42. Nature's Sources knew that its products, including ASIN B000VYXDIQ and B001E0WEUY, were listed on Eternity Mart's Amazon store front, Great Deals of Texas. The product listings were published on Amazon and clearly available to the public, including Nature's Sources. Eternity Mart marketed Nature's Sources' products on Amazon since 2015.

43. Nature's Sources thus knew about Eternity Mart's relationship with Amazon for years, and Nature's Sources was directly informed about this business relationship on March 4, 2019, when Eternity Mart contacted Nature's Sources to explain that Eternity Mart never sold or marketed counterfeit products.

44. On February 6, 2019, Nature's Sources complained to Amazon that Eternity Mart infringed on Nature's Sources' trademark rights by listing inauthentic or counterfeit products on Eternity Mart's Amazon store front, Great Deals of Texas.

45. Nature's Sources complaint was based on a false accusation. Nature's Sources did not reach out to Eternity Mart prior to submitting their complaint to Amazon. Nature's Sources did not make a test purchase to determine the authenticity of products listed on Eternity Mart's Amazon store front. If Nature's Sources had taken either of the foregoing steps, it would have quickly discovered that Eternity Mart had not listed any counterfeit products.

46. As a direct result of Nature's Sources' false counterfeiting complaint, Amazon suspended Eternity Mart and deactivated its account.

47. Since February 27, 2019, Eternity Mart has appealed to Amazon to reinstate its account. Amazon refused because, in part, Nature's Sources would not provide a letter of authorization until March 21, 2019.

48. Nature's Sources' actions disrupted Eternity Mart's relationship with Amazon and caused Eternity Mart to be unable to do business on Amazon since February 27, 2019. Eternity Mart thus has been damaged and lost profits in an amount not less than $90,000.

49. In addition to lost profits, Eternity Mart suffered damages and losses as a result of Nature's Sources' false accusation of counterfeiting, including but not limited to:

    a. $3,000 paid to a consulting firm for assistance with appealing the Amazon suspension;

    b. $1,200 fees and $450 interest at 15% for a short-term loan that was necessary to finance operations;

    c. as of March 31, 2019, $560.96 interest at 9.75% on a $100,000 credit line that had to be utilized, and interest continues to accrue; and

    d. $305.62 at 3.32% interest for a $120,000 loan from a family member.

WHEREFORE, Plaintiff Eternity Mart, Inc. respectfully requests that this Court enter an order granting judgment in its favor and against Defendant for compensatory and consequential damages, attorneys' fees and costs, and such additional relief as this Court deems appropriate.

**COUNT II – DEFAMATION PER SE**

50. Plaintiff repeats and realleges paragraphs 1 through 37 as if fully restated herein.

51. Nature's Sources falsely stated that Eternity Mart d/b/a Great Deals of Texas was infringing on trademark rights by listing counterfeit products on Amazon. Specifically, on or about February 6, 2019, Nature's Sources submitted a written complaint to Amazon in which Nature's Sources falsely accused Eternity Mart d/b/a Great Deals of Texas of infringing on Nature's Sources trademark No. 5617127 for products ASIN B000VYXDIQ and B001E0WEUY, by listing counterfeit products on the Great Deals of Texas store front on Amazon.

52. Nature's Sources publicized the foregoing false statement to Amazon.

53. By making the foregoing serious false charge of counterfeiting, Amazon suspended Plaintiff from doing business from February 26, 2019, until March 21, 2019.

54. This false statement is defamatory per se because it prejudiced Plaintiff in its business. Plaintiff does most of its business through Amazon, which will not do business with counterfeiters. By falsely asserting that Plaintiff listed counterfeit products on Amazon, Defendant harmed Plaintiff's reputation, particularly with Amazon, which refused to associate with Plaintiff and prevented Plaintiff from selling on the Amazon platform for a period of weeks.

55. Defendant's statements were made maliciously and intentionally in full knowledge of their falsity or in complete and reckless disregard of their truth or falsity. Defendant stated to Amazon that Plaintiff was counterfeiting Defendant's products with knowledge and/or reckless disregard of the falsity of this statement. Defendant did not contact Plaintiff prior to making the

9

statement to Amazon. Defendant did not perform a test buy to determine the authenticity of the listed products.

58. Defendant reported counterfeiting to Amazon with a direct intention to injure the Plaintiff and with a reckless disregard of the Plaintiff's rights and the consequences that might result to it as a result of the statements.

57. Nature's Sources' actions disrupted Eternity Mart's relationship with Amazon and caused Eternity Mart to be unable to do business on Amazon from February 27, 2019, through March 21, 2019. Eternity Mart thus has been damaged and lost profits in an amount not less than $90,000.

58. In addition to lost profits, Eternity Mart suffered damages and losses as a result of Nature's Sources' false accusation of counterfeiting, including but not limited to:

  a. $3,000 paid to a consulting firm for assistance with appealing the Amazon suspension;

  b. $1,200 fees and $450 interest at 15% for a short-term loan that was necessary to finance operations;

  c. as of March 31, 2019, $560.96 interest on a $100,000 credit line that had to be utilized, and interest continues to accrue; and

  d. $305.62 at 3.32% for a $120,000 loan from a family member.

59. Plaintiff seeks an award of punitive damages based upon Defendant acting willfully, or with such gross negligence as to indicate a wanton disregard of the rights of others.

60. Punitive damages are appropriate here because Defendant falsely accused Plaintiff of counterfeiting, which caused Amazon to suspend Plaintiff for approximately four weeks and severely injured Plaintiff's business. Defendant does business nationally and internationally and has been operating since 1996.

WHEREFORE, Plaintiff Eternity Mart, Inc. respectfully requests that this Court enter an order granting judgment in its favor and against Defendant for compensatory and consequential damages, punitive damages, attorneys' fees and costs, and such additional relief as this Court deems appropriate.

| | |
|---|---|
| Dated: April 10, 2019 | Respectfully submitted, |
| | **ETERNITY MART, INC.** |
| | /s/ Jeffrey E. Crane |
| | One of Its Attorneys |

Jeffrey E. Crane
Law Office of Jeffrey E. Crane, LLC
1363 Shermer Road, Suite 222
Northbrook, Illinois 60062
****************************
105 W. Madison Street, Suite 1500
Chicago, Illinois 60602
847-239-7239 (Telephone)
847-239-7202 (Facsimile)
jeff@jeffcranelaw.com