UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| ETERNITY MART, INC. ) | |
| d/b/a GREAT DEALS OF TEXAS, ) | |
| ) | Case No. 19-CV-02436 |
| Plaintiff, ) | |
| ) | |
| v. ) | District Judge John J. Tharp, Jr. |
| ) | |
| NATURE'S SOURCES, LLC, ) | Magistrate Judge Sunil R. Harjani |
| ) | |
| Defendants. ) | |

### NATURE'S SOURCES, LLC'S MOTION TO COMPEL

Defendant, Nature's Sources, LLC ("Defendant" or "Nature's Sources"), having satisfied its L.R. 37.2 obligations to meet and confer, brings this Motion to Compel pursuant to Rules 26, 33, 34, 37, and Local Rule 37.1 to require Plaintiff, Eternity Mart, Inc. ("Plaintiff" or "Eternity Mart") to produce certain records and respond to certain interrogatories.

### I.     INTRODUCTION

Plaintiff brought a two count complaint alleging Intentional Interference with Business Relationships, and Defamation *Per Se*. Defendant sought through written discovery, including Production Requests (*see*, Nature's Sources, LLC's Requests For Production To Eternity Mart, Exhibit "A" hereto) and Interrogatories (*see*, Nature's Sources, LLC's Interrogatories To Eternity Mart, Exhibit "B" hereto) specific information relevant to Plaintiff's causes of action, the defenses thereto, and damages. Plaintiff objected to much of Defendant's written discovery. (*see*, Plaintiff's Answers to Nature's Sources, LLC'S Request For Production To Eternity Mart Exhibit "C" hereto, and Plaintiff's Answers to Nature's Sources, LLC'S Interrogatories To Eternity Mart  Exhibit "D" hereto.)  The Parties have exchanged correspondence regarding these issues, and met in-person on August 27, 2019, and telephonically on October 3 and 10, 2019.

(*See*, Local Rule 37.2 correspondence, attached hereto as Group Exhibit "E".) Despite the Parties' best efforts to resolve their disagreement as to relevancy and other objections, a *bona fide* dispute exists, necessitating this Court's intervention so as to allow oral discovery to proceed and avoid undue delay.

Specifically, (i) to the extent Plaintiff has agreed to supplement and/or amend its responses, Plaintiff has repeatedly failed and refused since August 27, 2019 to provide any date-certain as to when it will finalize its production and responses to written, resulting in the need to re-schedule and delay Plaintiff's party witness depositions; and (ii) to the extent Plaintiff has refused to supplement, amend, and/or answer discovery, this Court's intervention is required so as to allow discovery into relevant matters.

## II. ARGUMENT

A. <u>Relevancy of Records and Information Sought.</u>

The specific documents by Defendant are relevant and responsive because of Plaintiff's causes of action, and Defendant's defenses thereto, including assessment of damages. As an initial matter, Plaintiff's general and blanket objections that a request is "overly broad," "unduly burdensome," and/or "not relevant" are tantamount to not making any objection at all because they fail to meet the requirements of, and are prohibited under Rules 33(b)(4) and 34(b)(2)(B) as amended December 1, 2016. *Baxter Int'l, Inc. v. AXA Versicherung*, 320 F.R.D. 158, 161, 166 (N.D. Ill. 2017) (burden on the objecting party to show the requested discovery is improper; a party objecting based on burden most "specifically demonstrate the burden that the discovery would impose" (citations omitted)); *Belcastro v. United Airlines, Inc.*, 2019 WL 1651709, at *9 (N.D. Ill. Apr. 17, 2019) (relevancy is construed broadly); *Gabiola v. Mugshots.com, LLC*, 2019 WL 426143, at *2 (N.D. Ill. Feb. 4, 2019) (party must affirmatively state with specificity whether records are withheld based on objections); *Ritacca v. Abbott Laboratories*, 203 F.R.D.

332, 335 n.4 (N.D. Ill. 2001) ("blanket objections are patently improper" and "worthless" (citations omitted)). As such, these objections should be overruled and Plaintiff should be compelled to provide substantive responses. It is well-settled precedent in this District that objections must be more than a boilerplate invocation of the same litany of excuses. *See,* Fed. R. Civ. P. 26(b)(1); *HK Am., Inc. v. NSK Co.*, 157 F.R.D. 637, 641 (N.D. Ill. 1993) ("the general concepts of federal discovery which are that the federal discovery rules are to be liberally construed and there are to be no unnecessary restrictions on relevant discovery"); *Schaap v. Executive Indus., Inc.* 130 F.R.D. 384, 386 (N.D. Ill 1990); *Burkybile v. Mitsubishi Motors Corp.,* 2006 WL 2325506, at *6 (N.D. Ill. Aug 2, 2006) (collecting cases); *Belcastro*, 2019 WL 1651709, at *4; *Gabiola*, 2019 WL 426143, at *2 (generalized objections are improper response). Plaintiff has the burden of explaining why a specific interrogatory or document request would be particularly burdensome.

Count I, Intentional Interference with Business Relationships, requires Plaintiff to show that (1) the Plaintiff had a reasonable expectation of entering into a valid business relationship; (2) the Defendant knew of this expectation; (3) the Defendant intentionally and unjustifiably interfered to prevent the expectation from being fulfilled, and (4) this interference directly damaged Plaintiff. *Uline, Inc. v. JIT Packaging, Inc.,* 437 F.Supp.2d 793, 800 (N.D. Ill. 2006) (collecting cases); *Fellhauer v. City of Geneva,* 142 Ill.2d 495, 511 (1991); *Hackman v. Dickerson Realtors, Inc.,* 520 F.Supp.2d 954, 970-971 (N.D. Ill. 2007) (*citing Burrell v. City of Mattoon*, 378 F.3d 642, 652 (7th Cir. 2004)). "To be actionable, defendants' conduct must be wrongful, such as fraudulent, deceitful, intimidating, or deliberately disparaging." *Hackman*, 520 F.Supp.2d at 971. Plaintiff's responses to written discovery fail to identify even a single transaction or customer, or potential customer lost as a result of Defendant's alleged conduct.

*Int'l Serv. Assocs., Inc. v Arco Mgmt. of Washington, D.C., Inc.*, 1994 WL 583302, at *7 (N.D. Ill. Oct. 21, 1994) ("*Arco*") (even a "track record" of sales is insufficient to prove loss of any future business); *Roy v. Coyne,* 259 Ill.App.3d 269 (1st Dist. 1994) (in claims for tortious interference with prospective business relations, the plaintiff was required to show that the defendant intentionally interfered with future business prospects). Plaintiff has objected to providing records and information, and during the October 3 and 10, 2019 L.R. 37.2 meet-and-confer conferences. Its counsel asserted that Defendant will have the opportunity to depose Plaintiff's witnesses to obtain necessary information. This includes refusing to provide information to substantiate its damages claim, which Plaintiff asserts it intends to prove through expert testimony at some unspecified time in the future.

Count II, Defamation *Per Se*, requires Plaintiff to show that (1) Defendant made a false statement concerning Plaintiff; (2) which was an unprivileged publication to a third-party; and (3) that resulted in quantifiable damages. *See Solaia Tech., LLC v. Specialty Publ. Co.,* 221 Ill.2d 558, 579-80 (2006) ("*Solaia*"). A defamation action must clearly identify the specific defamatory statements complained of by the plaintiff. *Heying v. Simonaitis,* 126 Ill.App.3d 157, 163 (1st Dist. 1984) ("Without an allegation of specifically what was communicated, it is impossible to know whether the communication gives rise to a cause of action for defamation."). The expression itself must contain a "factual statement capable of being proven true or false." *Id.* The false statement must then reasonably refer to the Plaintiff and cause such harm to its reputation that it deters third persons from associating with it. *Bryson v. News Am. Publications, Inc.,* 174 Ill.2d 77, 87, 91 (1996) (*citing Kolegas v. Heftel Broadcasting Corp.,* 154 Ill.2d 1, 10 (1992)); *Cartwright v. Cooney,* 788 F.Supp.2d 744 (N.D. Ill. 2011). Plaintiff objects to

providing records and information relevant to the claims, defenses, and damages unless this Court orders it to do so.

B. Specific Discovery Sought

Through the Parties' Local Rule 37.2 Conference, Plaintiff advised that it was standing on its objections and would not provide records or information in response to Production Requests 2, 12, 13, 16, 17, and 28, and Interrogatories 10, 11, and 13. The information sought is wholly relevant to the claims and defenses in this matter, and the objections are an affront to the federal discovery process.

> **Request for Production # 12:** Produce all documents related to any intellectual property and/or IP complaint against Plaintiff submitted to Amazon by any entity other than Defendant.
>
> ANSWER: Plaintiff objects to this Request to the extent that it seeks information neither relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff also objects to this Request to the extent that it is overly broad or unduly burdensome. Plaintiff further objects to this Request to the extent that it is not limited to a reasonable time period.
>
> **Request for Production # 13:** To the extent not produced in response to the prior request, produce all documents related to any other complaint against Plaintiff submitted to Amazon by any entity other than Defendant.
>
> ANSWER: Plaintiff objects to this Request to the extent that it seeks information neither relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff also objects to this Request to the extent that it is overly broad or unduly burdensome. Plaintiff further objects to this Request to the extent that it is not limited to a reasonable time period.[1]

Requests 12 and 13 seek information related to any intellectual property, IP, or other complaint against Plaintiff for the time frame January 1, 2014 to present, which is the roughly five (5) calendar years prior to the events giving rise to Eternity Mart's Complaint. Plaintiff's

---

[1] Plaintiff's current objections fail to meet the standards imposed by Rule 34 as it does not clearly state whether plaintiff intends to stand on its objection and whether additional records will be produced. It is nothing more than a blanket objection with no specificity. Plaintiff's letter dated October 15, 2019 subsequently states that it will stand on the objections. But the objections and responses to these Requests for Production # 12 and 13 are deficient under the Rules and must be stricken.

responses are deficient in that Plaintiff initiated this litigation as a result of what it perceives as Nature's Sources' IP complaint against Eternity Mart, and so these other complaints are relevant for causation purposes as well as damages. These documents could very well show that Plaintiff's business was suspended because of other 200-plus IP violations it committed while selling products on Amazon. (*See* Exhibit "F": "We closed the listing for all products/brands for which we have other outstanding IP complaints. We will not sell these again on Amazon.com, unless the rights owners agree to retract their complaints or Amazon approves our invoices and removed[sic] the block on the items. This is a total of 206 listings."). And those other violations had nothing to do with Defendant. *See,* Fed. R. Evid. 701 (relevant evidence is that "having a tendency to make the existence of any fact that is of consequence to the determination of the action more or less probably than it would be without the evidence"); *Transcap Assocs., Inc. v. Euler Hermes Am. Credit Indem. Co.,* 2009 WL 1543857 (N.D. Ill. Jun. 3, 2009) (discovery of other claims is relevant); *Bastian v. TPI Corp.*, 663 F.Supp. 474, 476-477 (N.D. Ill. 1987) (discovery into substantially similar occurrences merited, especially where Plaintiff seeks punitive damages for willful and wanton conduct); *Kujaca v. Ameritech Corp.*, 1992 WL 356426 (N.D. Ill. Nov. 18, 1992) (pre-occurrence events may be relevant); *Rosen v. Ciba-Geigy Corp.*, 892 F. Supp. 208 (N.D. Ill. 1995) (holding that in "Illinois, proximate cause encompasses both the concepts of causation in fact and legal causation" (citations omitted; adopting Restatement (Second) of Torts)); and see also Rest. 2d Torts § 433 (noting that the number of other factors which contribute to producing the harm must be considered); *cf. Reed v. Freedom Mortgage Corp.* 869 F. 3d 543 (7th Cir. 2017) (prejudicial to fail to consider similar occurrences in discovery). Plaintiff has erroneously withheld such documents, likely because they demonstrate that Defendant's report had so little to do with Plaintiff's storefront suspension. The Court

should order Plaintiff to produce all responsive information. The records in Plaintiff's possession may help Defendant defeat the element of causation. As such, Defendant is entitled to discover this information.

> **Request for Production # 16:** Produce all documents related to Amazon suspending Plaintiff's sale of any product, including but not limited to notices, warnings, suspensions, and reinstatements.
>
> ANSWER: Plaintiff objects to this Request to the extent that it seeks information neither relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff also objects to this Request to the extent that it is overly broad or unduly burdensome. Plaintiff further objects to this Request to the extent that it is not limited to a reasonable time period. Subject to the General Objections and the foregoing objections, Plaintiff produced documents responsive to this Request that are relevant to this case.
>
> **Request for Production # 17:** Produce all documents reflecting Amazon suspending Eternity Mart's online storefront "Great Deals of Texas," including but not limited to notices, warnings, suspensions, and reinstatements.
>
> ANSWER: Plaintiff objects to this Request to the extent that it seeks information neither relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff also objects to this Request to the extent that it is overly broad or unduly burdensome. Plaintiff further objects to this Request to the extent that it is not limited to a reasonable time period. Subject to the General Objections and the foregoing objections, Plaintiff produced documents responsive to this Request that are relevant to this case.

Requests 16 and 17 seek information related to Amazon suspending Plaintiff's sale of any product and/or Plaintiff's Amazon storefront for the time frame January 1, 2014 to present, which is the roughly five calendar years prior to the events giving rise to Eternity Mart's Complaint. Plaintiff objects and refuses to produce any records of any other suspension. As with Requests 12 and 13, this information is relevant to causation and damages. Fed. R. Civ. P. 26(b)(1); *Schaap*, 130 F.R.D. at 386. Perhaps during one of Plaintiff's prior suspensions (*see, e.g.,* Allen Kaplun statement to Amazon, EM 000115 – EM 000119, attached hereto as Exhibit "G"), Amazon warned that any further misconduct would result in a mandatory 25 day storefront suspension – and thus, maybe one of the other complaints by a party other than Defendant is

what caused Plaintiff's storefront to be shut down, and the length of the suspension. The requested document could show that the suspension in question was caused by a prior amazon suspension or other violation. This information is clearly relevant and Plaintiff has erroneously withheld such documents. The Court should order all responsive records – not just what Plaintiff deems to be related to the February report – to be produced.

> **Interrogatory Number 10:** State the facts related to, identify all documents related to, and identify all persons with knowledge of any other complaint submitted by any entity other than Defendant to Amazon against Plaintiff from January 1, 2017 to present.
>
> ANSWER: Plaintiff objects to this Interrogatory as overly broad and unduly burdensome. Plaintiff objects to each of Defendant's Interrogatories to the extent that they seek information neither relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence.
>
> **Interrogatory Number 11:** State the facts related to, identify all documents related to, and identify all persons with knowledge of all suspensions and/or deactivations of Plaintiff's Amazon product listings and/or account from January 1, 2017 to present.
>
> ANSWER: Plaintiff objects to this Interrogatory as overly broad and unduly burdensome. Plaintiff objects to each of Defendant's Interrogatories to the extent that they seek information neither relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence.[2]

Like Production Requests 12, 13, 16 and 17, Interrogatories 10 and 11 get to the root of causation and damages. Plaintiff knew that it faced *over* 200 unresolved and unaddressed IP complaints at the time that Defendant made its general report to Amazon: "We closed the listing for all products/brands for which we have other outstanding IP complaints . . . . This is a total of 206 listings." (See, e.g., Ex G at EM 00027.) It is obvious that the information sought is relevant to causation – indeed was it Defendant, one of the other 200-plus complaints, or some

---

[2] Plaintiff's current objections fail to meet the standards imposed by Rule 33(b)(4) as it does not clearly state the grounds for objection. These are nothing more than blanket objections with no specificity. Plaintiff's letter dated October 15, 2019 subsequently states that it will stand on the objections. But the objections and responses to these Interrogatories Numbers 10 and 11 are deficient and improper under the Rules and must be stricken, and all objections waived.

combination thereof that resulted in Plaintiff's suspension? Plaintiff's blanket objection that these Interrogatories are overly broad, unduly burdensome and seeks information not relevant to the subject matter or reasonably calculated to lead to the discovery of admissible evidence are ill-formed and evasive, and fail to consider the claims which Eternity brought and Nature's Sources's defenses. *HK Am., Inc. v. NSK Co*., 157 F.R.D. at 641; *Schaap*, 130 F.R.D. at 386; *Transcap Assocs., Inc.,* 2009 WL 1543857 (discovery of other claims is relevant). Plaintiff's reluctance to provide information is "understandable" because the evidence tends to show that Plaintiff's operations and failure to properly address complaints were the root cause of any product listing and/or storefront suspension. But being understandable does not mean that Plaintiff can refuse to participate in discovery in good faith. The request and time frame is clearly proportional, given the over $175,000 in claimed damages. Even if Defendant's conduct caused any harm to Plaintiff (and Defendant denies this), it would seem that Defendant's report is but 1 of over-200 complaints pending against Plaintiff, and so less than 0.5% of Plaintiff's damages. Stated differently, it seems that Defendant's alleged conduct, at most, caused less than $1,000 of Plaintiff's alleged damages, which is certainly far less than the jurisdictional limits required to bring this lawsuit. Defendant is entitled this information, and the Court should order it produced.

> **Request for Production # 2:** Produce full and complete state and federal tax returns with all schedules and attachments for tax years 2014-present.
>
> ANSWER: Plaintiff objects to this Request to the extent that it seeks information neither relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff also objects to this Request to the extent that it is overly broad or unduly burdensome. Plaintiff further objects to this Request to the extent that it is not limited to a reasonable time period. Subject to the General Objections and the foregoing objections, Plaintiff produced the relevant portions of its tax returns for 2016 and 2017. Plaintiff has not yet filed tax returns for 2018.

**Production Request 28:** Produce all records reflecting Eternity Mart's financing and attempts for financing, including but not limited to communications, loan and financing applications, contracts, repayment schedules, deposits, and contracts from January 1, 2016 to present.

ANSWER: Plaintiff objects to this Request to the extent that it seeks information neither relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff also objects to this Request to the extent that it is overly broad or unduly burdensome. Plaintiff further objects to this Request to the extent that it is not limited to a reasonable time period. Subject to the General Objections and the foregoing objections, Plaintiff produced documents responsive to this Request that are relevant to this case.

**Interrogatory Number 13:** Identify all banks and financial institutions with which Plaintiff has had accounts from January 1, 2016 through the present, and state the date the account was opened, and if applicable, the date it was closed.

ANSWER: Plaintiff objects to this Interrogatory as overly broad and unduly burdensome. Plaintiff objects to each of Defendant's Interrogatories to the extent that they seek information neither relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence.

Requests 2, and 28, and Interrogatory 13 are relevant to causation and damages, including Plaintiffs alleged lost profit. Plaintiff asserts that it sustained several thousands of dollars in financing and loans as a result of Defendant's conduct and that it was nearly bankrupt. (*See*, Complaint, Doc. 1; RBC 0039, Mar. 19, 2019 message from Allen Kaplun, attached hereto as Exhibit "H".) It is possible that Plaintiff's money issues began long ago, and so the loans and financing were in the works well-before the event purportedly giving rise to this lawsuit. It is also possible that Plaintiff's asserted profit arose out of other business streams, or that it has substantial overhead or other business losses. Plaintiff's complete tax returns and bank account information are relevant to causation and damages. A confidentiality and protective order has been entered in this case (see, Doc. 20). Therefore, absent a claim of privilege (and there is none), any such redaction is inappropriate. The response is further deficient in that Plaintiff asserts that it had not filed its *2018* tax return, yet provided redacted portions of federal tax

returns for 2016, 2017, and *2018*. Plaintiff further failed and refuses to provide state tax returns, nonredacted tax returns, or any schedules or attachments.

The limited time frames in these requests are proportional and reasonable (2 years of financials and 5 years of tax returns). Plaintiff asserted that its damages are calculated based on an average of three (3) years' profit for a one-month period, and that this will be supported by expert testimony "at some point." (*See, e.g.,* Ex. D, Plaintiff's Answers to Interrogatories Numbers 2 and 12.) While this is Plaintiff's proposed and convenient measure of damages, Defendant has the right for its expert to review complete records. These records and information, including the schedules and attachments, are relevant to Plaintiff's damages claim. Fed. R. Civ. P. 26(b)(1); *Schaap*, 130 F.R.D. at 386 (a request for discovery must be complied with unless it is clear that there is no possibility that the information sought may be relevant to the subject matter of the litigation (citations omitted)); *Poulos v. Nass Foods, Inc.*, 959 F. 2d 69 (7th Cir. 1992) (compelled disclosure of tax returns proper where plaintiff puts damages and sources of income at issue; trial court's dismissal of suit as sanction for failure to produce warranted); *Johnson v. Soo Line RR. Co.*, 2019 WL 4037963 (N.D. Ill. Aug. 27, 2019). Indeed, while Plaintiff has alleged that its average three (3) years' profits, Defendant has the right to determine if there are anomalies in the data trends or other information that might defeat this claim, and so five (5) complete years of tax records are reasonable and relevant. Producing these returns would not be burdensome for Plaintiff as these returns are already filed with the government. Furthermore, Plaintiff has asserted that it was "teetering on the verge of bankruptcy" as a result of suspension. (See, RBC 0039, Mar. 19, 2019 message from Allen Kaplun, Ex. "H".) Plaintiff has not provided any proof of *profit* – even its transaction records from Amazon merely shows money received from Amazon sales, and not overhead such as the

cost to purchase products, warehouse them, "independent contractor" costs or employee wages and benefits, or other financial information such as the cost for a line of credit, business loan, etc. Defendant must have the ability to subpoena a third party – namely, Plaintiff's financial institutions – to obtain source data that supports and refutes Plaintiff's profit and loss allegations. Defendant is entitled to this information in evaluating Plaintiff's assertion of well over $175,000 in damages.

C. Other Outstanding Discovery

Despite repeated requests, Plaintiff refuses to provide a date-certain for supplementation of items for which it has agreed to supplement. While this almost seems benign in light of Plaintiff's other discovery offenses, Plaintiff's refusal to complete discovery or produce by a deadline necessarily causes further delay as Defense counsel must have an opportunity to review additional information prior to Plaintiff's party depositions.

> **Request for Production # 1:** Produce full and complete emails without "quoted text hidden," including all attachments referred to in Plaintiff's Answers of Eternity Mart, Inc. to Mandatory Initial Discovery Requests, EM 000001 – EM 000648.
>
> ANSWER: Subject to the General Objections, Plaintiff will produce documents responsive to this Request.

Though Plaintiff asserts that it has produced all emails and attachments, it has neither (a) produced complete emails, nor (b) the attachments in any fashion that would describe what record goes with which email. This is a game of "go fish" – the same as if Plaintiff had simply shuffled the deck, and is not the manner in which records were kept in the ordinary course of business. Plaintiff also asserts that it "will" produce again, but without any date-certain. The Court must order Plaintiff to produce by a date-certain full and complete records in an intelligible fashion so that it is clear as to what a complete record is.

To the extent that Plaintiff has produced all relevant information, it should supply an affidavit to the effect that it has fully complied, and not withheld any record or information on the basis of an objection or otherwise. Fed. R. Civ. P. 34(b)(2)(B), (C); *Belcastro*, 2019 WL 1651709, at *7. This would include Requests for Production Numbers 3, 5, 8-10, 14, 15, 18-27, 29, and 30, and Interrogatories Numbers 2-7, and 12.

### III. CONCLUSION

Eternity Mart's objections to the document requests and interrogatories are improper, and should be rejected by this Court. Under Eternity Mart's reasoning, it alone gets to choose what records and information are relevant, ignoring the 200+ *other* outstanding complaints against it, its failure to mitigate damages, its actual profits, etc. Therefore, Nature's Sources, LLC respectfully requests that the Court enter an order (A) compelling Eternity Mart, Inc. within 14 days to (i) produce full, complete, and nonredacted records responsive to Requests for Production Numbers 1, 2, 12, 13, 16, 17, 28, (ii) fully answer Interrogatories Numbers 10, 11, and 13, and (iii) provide an affidavit confirming that no additional records or information is being withheld based on an objection as to Requests for Production Numbers 3, 5, 8-10, 14, 15, 18-27, 29, and 30, and Interrogatories Numbers 2-7, and 12, and (B) awarding to Nature's Sources such other relief as is just and necessary, including its reasonable attorneys' fees and costs associated with seeking compliance with discovery.

Dated: October 17, 2019      Respectfully submitted,

**SMITHAMUNDSEN LLC**

By: /s/ Noah A. Frank
One of Defendant NATURE'S SOURCES, LLC's Attorneys

SMITHAMUNDSEN LLC
Noah A. Frank, Esq. (ARDC #6295011)     Gary Zhao, Esq. (ARDC #6279527)
150 N. Michigan Ave., Ste. 3300     150 N. Michigan Ave., Ste. 3300

| | |
|---|---|
| Chicago, IL 60601 | Chicago, IL 60601 |
| (312) 455-3905 – Telephone | (312) 894-3377 – Telephone |
| nfrank@salawus.com | gzhao@salawus.com |

**ATTORNEYS FOR DEFENDANT NATURE'S SOURCES, LLC**

**Certificate of Service**

I hereby certify that on October 17 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to:

Eternity Mart, Inc.
c/o Jeffrey E. Crane, Esq.,
Law offices of Jeffrey E. Crane, LLC
105 W. Madison St. – Ste. 1500
Chicago, IL 60602
847-239-7239
jeff@jeffcranelaw.com

Respectfully submitted,

**SMITHAMUNDSEN LLC**

By: /s/ Noah A. Frank
One of the Attorneys for Defendant
NATURE'S SOURCES, LLC

SMITHAMUNDSEN LLC
Noah A. Frank, Esq. (ARDC #6295011)   Gary Zhao, Esq. (ARDC #6279527)
150 N. Michigan Ave., Ste. 3300       150 N. Michigan Ave., Ste. 3300
Chicago, IL 60601                     Chicago, IL 60601
(312) 455-3905 – Telephone            (312) 894-3377 – Telephone
nfrank@salawus.com                    gzhao@salawus.com
**ATTORNEYS FOR DEFENDANT NATURE'S SOURCES, LLC**