**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ETERNITY MART, INC. d/b/a | ) | |
| GREAT DEALS OF TEXAS | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 19-cv-02436 |
| v. | ) | |
| | ) | Hon. Judge John J. Tharp, Jr. |
| NATURE'S SOURCES, LLC, | ) | |
| | ) | Magistrate Judge Harjani |
| Defendant. | ) | |

## PLAINTIFF'S RESPONSE TO NATURE'S SOURCES, LLC'S MOTION TO COMPEL

Plaintiff, Eternity Mart, Inc. d/b/a Great Deals of Texas ("Plaintiff" or "Eternity Mart"), by and through undersigned counsel, respectfully submits its Response to Nature's Sources, LLC's Motion to Compel, and states as follows:

## BACKGROUND

On July 26, 2019, Defendant Nature's Sources, LLC ("Defendant" or "Nature's Sources") propounded Requests for Admission (51), Interrogatories (14), and Requests for Production (33). These discovery requests followed after Plaintiff answered the Mandatory Initial Discovery Requests ("MIDR") in great detail. Eternity Mart timely answered Defendant's ninety-eight (98) discovery requests. Eternity Mart produced 648 pages of documents in connection with the MIDR. On September 26, 2019, Eternity Mart produced an additional 237 pages of documents.

On September 20, 2019, Defendant's counsel sent a letter pursuant to Rule 37.2 raising issues with Plaintiff's answers to 26 Requests for Production, 10 Interrogatories, and 15 Requests for Admission. On October 3 and 7, counsel for the parties engaged in meet and confer phone conferences and discussed each point of contention that Defendant raised. On October 15, 2019,

Plaintiff's counsel sent a letter to Defendant responding to their Rule 37 letters and confirming the substance of the meet and confer phone conferences. (Exhibit A hereto.) As a result of the meet and confer process, the parties narrowed their disputes to six Requests for Production (2, 12, 13, 16, 17, and 28); three Interrogatories (10, 11, and 13); and zero Requests for Admission.

Moreover, the remaining disputed issues were narrowed to the following: (a) complaints filed with Amazon by other parties unrelated to the false counterfeit claim Defendant filed with Amazon; (b) suspensions or other disciplinary actions by Amazon against Plaintiff unrelated to the February-March 2019 suspension at issue in this case; (c) tax returns; (d) financing or attempts for financing from 2016-present, beyond the loans alleged in the Complaint as part of Plaintiff's damages; and (e) Plaintiff's bank account information from 2016 through the present.

## SUMMARY OF COMPLAINT

As the Court considers Defendant's Motion to Compel, Plaintiff provides the relevant context of this lawsuit. Plaintiff filed a Complaint alleging claims for intentional interference with business relationships and defamation per se. (Exhibit B hereto.) Before Plaintiff filed the Complaint, Defendant's counsel baselessly asserted that Eternity Mart lacked any good faith basis for a legal action. After Plaintiff filed the Complaint, Defendant filed a motion to dismiss, which the Court denied without requiring any response from Plaintiff. Judge Tharp found that Plaintiff stated claims in great detail which satisfied pleading requirements and applicable law.

To summarize the Complaint and central allegations therein, Amazon first informed Eternity Mart via email dated February 6, 2019, that Nature's Sources had filed a complaint with Amazon against Eternity Mart asserting that Eternity Mart was infringing on trademark rights by listing counterfeit products on Amazon. On February 7, 2019, even though Eternity Mart was not infringing on trademark rights and had not listed any counterfeit products of Nature's Sources,

Eternity Mart closed the product listings for the Nature's Sources products that were the subject of the complaint to Amazon. Eternity Mart heard nothing from Amazon or Nature's Sources until February 26, 2019, when Amazon called Eternity Mart to request documents showing that Eternity Mart was authorized to sell Nature's Sources products. Eternity Mart explained to Amazon that Eternity Mart was an authorized seller and had no counterfeit products listed on Amazon, but Eternity Mart had no documents available on that date because it had not sold Nature's Sources products in the recent past. That same day Eternity Mart placed an order with an authorized distributor, KeHE, which generated an invoice that Eternity Mart sent to Amazon on February 27, 2019, to demonstrate Eternity Mart's authorization to sell Nature's Sources' products and the absence of any counterfeit product listings. Nevertheless, that same day, Amazon suspended Eternity Mart, and/or deactivated its account.

There is no question or doubt why Amazon suspended Eternity Mart on February 27, 2019. Amazon explained that it took this action because Nature's Sources had reported on February 6, 2019, trademark infringement and counterfeiting of its products. (Compl. at Ex. B.) Amazon cited no other reason for its decision to suspend Eternity Mart. And, Amazon informed Eternity Mart that it could reactivate its account by providing proof of authenticity for the Nature's Sources' products that Nature's Sources identified in its complaint on February 6. (*Id*.) That same day, Eternity Mart explained to Amazon and Nature's Sources that: (a) Eternity Mart had closed listings for the Nature's Sources' products identified in the Nature's Sources complaint, (b) Eternity Mart would not sell these products; and (c) Eternity Mart needed Nature's Sources to retract the counterfeiting claims.

On March 4, 2019, Amazon rejected Eternity Mart's appeal of its suspension. Amazon wanted proof of authenticity for the Nature's Sources product listings that were the subject of

3

Nature's Sources infringement complaint filed on February 6. That same day, Eternity Mart contacted Nature's Sources and requested a retraction of its unjustified trademark infringement/false counterfeiting claims. Nature's Sources sent a letter dated March 4, 2019, to Amazon retracting the complaint against Plaintiff because Nature's Source realized and admitted that Plaintiff listed authentic products on its Amazon store front. Nature's Sources' retraction, however, did not satisfy Amazon, which refused to reinstate Eternity Mart.

During the first two weeks of March 2019, Eternity Mart repeatedly asked Nature's Sources to send a letter of authorization to Amazon. Nature's Sources ignored these requests and/or refused to send such a letter until March 21, 2019, when it changed course and sent a letter to Amazon confirming that: "Eternity Mart, Inc., which operates under the Amazon storefront name Great Deals of Texas, is authorized to sell products with the Absorbaid brand on Amazon.com." (Compl. at Ex. C.) That same day, Amazon reinstated Eternity Mart.

## DISCOVERY DISPUTES

A. Other Complaints Filed with Amazon Against Plaintiff, Unrelated to Nature's Sources Complaint Filed on February 6, 2019, Are Not Relevant to Causation.

Requests for Production Nos. 12 and 13, and Interrogatory No. 10 seek documents related to any intellectual property complaint and any other complaint against Plaintiff submitted to Amazon. Defendant's Requests seek documents from January 1, 2014 to the present. Plaintiff properly objected to these Requests based on relevance, burdensomeness, and an unreasonable time period. As discussed above, the events that underly and relate to this lawsuit occurred almost entirely during February and March 2019. Amazon stated clearly and unequivocally that it suspended Eternity Mart on February 27, 2019, because of Nature's Sources complaint filed on February 6, 2019, in which it asserted trademark infringement and counterfeiting against Eternity

Mart. (Compl. at Ex. B.) Amazon never mentioned any other complaints in connection with the decision to suspend Plaintiff in this instance.

Rather than acknowledge and accept these undisputed facts, Nature's Sources speculates that Amazon could have suspended Plaintiff on February 27, 2019, based on other complaints. (Def's Mot. at 6.) Defendant argues that it needs discovery about these other complaints because they "are relevant for causation purposes as well as damages." (*Id*.) Defendant even argues that Plaintiff has wrongfully withheld production of such documents "because they demonstrate that Defendant's report had so little to do with Plaintiff's storefront suspension." (*Id*.) This baseless argument is refuted by the undeniable facts. The ***only*** reason that Amazon deactivated Plaintiff's account was Nature's Sources' false report filed on February 6 in which Nature's Sources claimed trademark infringement and counterfeit listings of its products. (Compl. at Ex. B.)

Defendant should not be permitted to go on this fishing expedition for documents and information regarding other complaints filed by nonparties before and after Nature's Sources filed its complaint on February 6, 2019. Defendant even seeks documents regarding other complaints that might have been submitted to Amazon after the time period at issue in this case – February 6, 2019-March 21, 2019. Certainly, even Nature's Sources must admit that any complaints that post-date the foregoing time period could not be relevant to causation in this case. Indeed, causation for Amazon suspending Plaintiff really is not an issue which requires any discovery. Amazon provided the unequivocal answer. Therefore, the Court should deny Defendant's Motion to Compel related to Requests for Production Nos. 12 and 13 and Interrogatory No. 10.

     B.     Amazon Suspensions of Plaintiff, Other Than the Suspension on February 27, 2019, Are Not Relevant to Causation.

Requests for Production Nos. 16 and 17, and Interrogatory No. 11 seek documents and information related to Amazon suspending Plaintiff and/or its online storefront Great Deals of

Texas. Plaintiff objected to these Requests to the extent that they seek documents not relevant to the subject matter of this action. Plaintiff also objected based on relevance, burdensomeness, and an unreasonable time period. Through the meet and confer process, Defendant made it clear that it is seeking discovery related to any suspensions from 2014 to the present, which are unrelated to Amazon suspending Eternity Mart during February-March 2019 as a result of Nature's Sources' false complaint of counterfeiting and trademark infringement.

Defendant once again attempts to link this requested discovery to causation, but Defendant ignores the undisputed facts. Defendant speculates that "maybe one of the other complaints by a party other than Defendant is what caused Plaintiff's storefront to be shut down, and the length of the suspension." (Def's Mot. to Compel at 7-8.) Amazon left no doubt about the reason for the suspension on February 27 and never specified a certain length of the suspension. Rather, Amazon clearly and directly explained that Eternity Mart was suspended based on Nature's Sources' complaint and that Eternity Mart would be reinstated once Amazon received a letter of authorization or other proof of authenticity. (Compl. at Ex. B.) Indeed, on March 21, 2019, Nature's Sources sent a letter of authorization to Amazon, and Amazon reinstated Eternity Mart that same day. (Compl. at Ex. C.) Based on the foregoing, the Court should deny Defendant's Motion to Compel related to Requests for Production Nos. 16 and 17, and Interrogatory No. 11.

C.    Plaintiff Produced the Relevant Portions of Its Tax Returns and Should not be Compelled to Produce Unnecessary Parts of Its Tax Returns Unrelated to Damages.

Request for Production No. 2 seeks production of "full and complete state and federal tax returns with all schedules and attachments for tax years 2014-present." Subject to objections, Plaintiff produced the relevant portions of its tax returns for 2016, 2017, and 2018. (EM 000617-648). Plaintiff produced information that shows its Gross Sales, Costs of Goods Sold, Gross Profit, Other Income, Deductions, and Taxable Income. This information is relevant to proving Plaintiff's

damages. Plaintiff produced other documents in response to other Requests that support its damages claims. (*See e.g.*, EM 000601-616, 783-785 – Amazon Account Activity Statements; EM 000688-782 – Amazon Bi-Monthly Statements.) As to lost profit damages, Plaintiff has repeatedly explained and disclosed to Defendant that Plaintiff shall present expert testimony at the appropriate time. The expert witness will rely upon the documents Plaintiff produced during the fact discovery phase of the case. Thus, Defendant has the same information that an expert witness shall review and rely upon. Plaintiff also identified its accountant, Michael Lohan, who assisted Plaintiff with the preparation of tax returns, and Defendant has reported to the Court that it will depose Mr. Lohan.

In its Answer to Request for Production No. 2, Plaintiff objected to producing additional documents or information based on relevance, burdensomeness, and an unreasonable time period. Defendant provides no actual reason why it should get discovery of other portions of tax returns, schedules, attachments. Defendant simply proclaims that this information might relate to Plaintiff's damages. Defendant arbitrarily requested tax returns from 2014-present and baselessly declared that this time period is proportional and reasonable. (Def's Mot. at 11.) Plaintiff, however, was suspended from February 27, 2019 until March 21, 2019. Plaintiff's lost profit damages do not depend on tax returns from 2014 or 2015; even Plaintiff's tax returns from 2016 and 2017 might not be necessary for proving lost profits in this case, but Plaintiff produced those documents to provide some historical records and to support a preliminary damages calculation. In so doing, Plaintiff reiterated that lost profit damages shall be determined and calculated by an expert witness. Plaintiff and its expert witness shall comply with the Federal Rules of Civil Procedure that govern expert discovery and thus provide Defendant with all discovery that pertains to Plaintiff's damages. Defendant therefore has no bona fide need for additional documents or information in

response to Request for Production No. 2, and the Court should deny Defendant's Motion to Compel related thereto.

        D.      Plaintiff Produced Loan Documents Related to Damages But Objected to Producing Documents Related to Financing or Attempted Financing Unrelated to this Case.

Request for Production No. 28 seeks records reflecting Plaintiff's financing and attempts for financing from January 1, 2016 to present. Subject to objections, Plaintiff produced responsive documents relating to loans and financing transactions alleged in the Complaint. Plaintiff objected to producing documents related to loans or other financial transactions from 2016 to present, which are not alleged in support of damages sought in this case. Defendant weakly argues that "[i]t is possible that Plaintiff's money issues began long ago, and so the loans and financing were in the works well-before the event purportedly giving rise to this lawsuit." (Def's Mot. at 10.) First, the loans and financing alleged in the Complaint that Plaintiff was forced to take as a result of the Amazon suspension during February-March 2019, were initiated after February 2019. None of them were "in the works" from 2016 to February 2019. Second, Defendant provides no reason why it should get discovery about any other loans or financing transactions that might have occurred from 2016 to present but are not part of any damages claim in this case. Plaintiff's claims arise from events that occurred during February-March 2019. Therefore, Plaintiff's objections based on the unreasonable time period, relevance, and burdensomeness of Request No. 28 should be sustained, and Defendant's Motion to Compel related to this Request should be denied.

        E.      Defendant Provides No Proper Reason in Support of Discovery Regarding Plaintiff's Bank Accounts.

Interrogatory No. 13 asks Plaintiff to identify all bank accounts from January 1, 2016 through the present. Plaintiff objected to this Interrogatory based on relevance and burdensomeness. Defendant's only retort is a conclusory statement that bank account information

is relevant to causation and damages. (Def's Mot. at 10.) Defendant offers no explanation or substance but simply asserts that Plaintiff should be compelled to identify its bank accounts so that Defendant can subpoena Plaintiff's financial institutions. (*Id*. at 12.) As stated above, Plaintiff produced documents related to loans that are part of the damages claims in the case. Otherwise, Defendant utterly fails to articulate any reason why discovery related to Plaintiff's bank accounts would be relevant to causation or damages. Because Plaintiff produced portions of its tax returns that disclose Gross Sales, Costs of Goods Sold, Gross Profit, Other Income, Deductions, and Taxable Income, Defendant fails to explain what discovery of Plaintiff's bank accounts would add. The Court thus should deny Defendant's Motion to Compel related to Interrogatory No. 13.

## **CONCLUSION**

Plaintiff answered the MIDR in great detail. Defendant provided vague, incomplete answers to the MIDR. Defendant propounded 98 additional discovery requests. Plaintiff answered each and every written discovery request. Plaintiff produced nearly 900 pages of documents. Initially, Defendant raised issues regarding supposed deficiencies with 51 of Plaintiff's answers to these written discovery requests. After the parties engaged in the meet and confer process, Defendant filed the instant Motion to Compel regarding 9 of Plaintiff's answers, which really only relate to 5 topics. Plaintiff addresses above each of the five topics and the related nine discovery requests about which the parties have a discovery dispute. Defendant's "ostrich" tactics do not support its purported need for additional discovery. Before this case ever was filed, Amazon made it crystal clear why it suspended Plaintiff – because of Defendant's complaint filed on February 6, 2019. Defendant should not be permitted to any additional discovery that it contends is necessary for its supposed, counter-factual causation defense. Lastly, Plaintiff produced documents and information related to its damages claims. None of the additional information and documents that

Defendant seeks through its Motion to Compel would be related to Plaintiff's damages. Loans, financial transactions, and/or tax returns from years ago are not relevant to Plaintiff's damages which arise from events that occurred between February 6, 2019, and March 21, 2019. Based on the foregoing, Plaintiff Eternity Mart, Inc. d/b/a Great Deals of Texas respectfully requests that this Court deny Defendant Nature's Sources, LLC's Motion to Compel in its entirety.

Dated: October 25, 2019

Respectfully submitted,

**ETERNITY MART, INC.**

/s/ *Jeffrey E. Crane*
One of Its Attorneys

Jeffrey E. Crane
Law Office of Jeffrey E. Crane, LLC
1363 Shermer Road, Suite 222
Northbrook, Illinois 60062
*******************************
105 W. Madison Street, Suite 1500
Chicago, Illinois 60602
847-239-7239 (Telephone)
847-239-7202 (Facsimile)
jeff@jeffcranelaw.com

# Exhibit A

{00101048}

**Law Office of**
   **Jeffrey E. Crane, LLC**

| | |
|---|---|
| **105 W. Madison Street, Suite 1500** | **1363 Shermer Road, Suite 222** |
| **Chicago, IL 60602** | **Northbrook, Illinois 60062** |
| | **Tel: (847) 239-7239** |
| | **Fax: (847) 239-7202** |
| | **Email:  jeff@jeffcranelaw.com** |

October 15, 2019

**VIA EMAIL**

Gary Zhao
Noah A. Frank
Smith Amundsen
150 N. Michigan Ave. – Ste. 3300
Chicago, IL 60601
Phone: 312-455-3905
Email: gzhao@salawus.com
         nfrank@salawus.com

Re:    *Eternity Mart, Inc. v. Nature's Sources, LLC*, Case No. 19-cv-02436 (N.D. Ill.)

Dear Gary and Noah:

In response to your Local Rule 37.2 letters dated September 20 and October 7, 2019, plaintiff Eternity Mart, Inc. ("Plaintiff" or "Eternity Mart") confirms the substance of the meet and confer conferences that we conducted on October 3 and 7, 2019, as stated below.

**Depositions**

Defendant Nature's Sources, LLC ("Defendant" or "Nature's Sources) initially scheduled and noticed depositions of Allen Kaplun and Irina Faybusovich on October 11 and 25, 2019, respectively. Defendant informed Plaintiff that Defendant would reschedule these depositions for mutually agreeable dates during November so that Defendant could complete written discovery and potentially file a motion to compel. Before Plaintiff provided agreeable dates, you preemptively sent amended deposition notices for Kaplun and Faybusovich on November 4 and 12, 2019, respectively. Allen Kaplun can be available on November 8, 2019. Irina Faybusovich can be available on November 14, 2019.

As previously disclosed, Michael Lohan's business address is in Oceanville, New Jersey.

**Document Requests**

Request No. 1 – Plaintiff produced documents, including emails and attachments, that are responsive to this Request. As explained during the meet and confer, there was no intent to produce emails without attachments in the initial document production. Rather, Plaintiff produced documents as they were maintained during the ordinary course of business. After Defendant noted that certain emails appeared to have attachments that were not produced, Plaintiff supplemented

its document production with the attachments that were identified on said emails. You expressed dissatisfaction with the foregoing, and rather than continuing to dispute this topic, Plaintiff will produce the same documents again in the format you requested.

Requests No. 3 and 33 – In your October 7 letter, you incorrectly state that Plaintiff agreed to supplement its responses to these Requests. Rather, as to No. 3, I explained that Plaintiff produced responsive documents and is not withholding documents based on objections. As to No. 33, which is extremely broad, Plaintiff produced responsive, relevant documents and will continue to supplement its document production consistent with its obligations under the Fed. R. Civ. P., if necessary.

Request No. 10 – Plaintiff produced responsive documents and has no additional documents responsive to this Request.

Requests No. 5, 8, 9, 14, 15, 18-27, and 29 – Plaintiff confirmed that its Answers along with its initial and supplemental document productions responded to these Requests. Plaintiff currently is not aware of other documents that might be responsive to these Requests but were not produced. Of course, if Plaintiff needs to supplement its document production as required under the Fed. R. Civ. P., it will comply with any such discovery obligations.

Requests No. 2, 12, 13, 16, 17 – Plaintiff objected to these Requests, and produced documents relevant to this case in response to Requests No. 16 and 17. Defendant contends that Plaintiff must produce documents related to any suspensions from 2014 to present, which are unrelated to Amazon suspending Eternity Mart during February-March 2019 as a result of Nature's Sources' false complaint of counterfeiting and trademark infringement. Plaintiff stands on its objections to producing any additional documents that may exist in response to Requests No. 16 and 17.

Requests No. 28 and 30 – Plaintiff produced documents in response to Request No. 28 relating to loans and financing transactions alleged in the Complaint. To the extent that Defendant seeks documents related to loans or other financial transactions from 2016 to present, which are not alleged in support of damages sought in this case, Plaintiff stands on its objections to producing any such additional documents that may exist. In response to Request No. 30, Plaintiff responded that it would produce any documents that might exist. Plaintiff has no documents that are responsive to Request No. 30.

**Interrogatories**

No. 13 – Plaintiff stands on its answer to this Interrogatory.

Nos. 2-7 and 12 – Plaintiff answered these Interrogatories and is not withholding responsive, relevant information. Subsequent to serving its Answers to Interrogatories, Plaintiff produced supplemental documents, which provide additional information. Plaintiff currently is not aware of any other information that is required to supplement its Answers to these Interrogatories, but Plaintiff would supplement its Answers consistent with its obligations under the Fed. R. Civ. P., if necessary.

Nos. 10 and 11 – Plaintiff objected to these Interrogatories and is not obligated to answer questions unrelated to the allegations in the Complaint and the claims asserted therein.

**Requests for Admission**

Nos. 1, 4, and 14 – Plaintiff shall amend its answers to these Requests for Admission.

Nos. 2, 3, 8, 9, 17, 18, 36-39, 41, and 42 – Plaintiff explained the basis for its answers to these Requests for Admission, which were correct and remain so. In an effort to narrow and resolve unnecessary discovery disputes, however, Plaintiff is willing to review a stipulation that you said you would draft and send to me. As stated during the meet and confer conference, Plaintiff is not challenging the authenticity of the identified emails that it produced from its files in discovery and which you reference in these Requests for Admission.

Plaintiff has met its discovery obligations. The parties engaged in the meet and confer process and were able to resolve some of the issues raised in your correspondence regarding discovery disputes. As noted above, there are remaining disputed discovery issues. Although toward the end of your October 7 letter, you raised a general comment about unspecified discovery answers, Plaintiff has directly addressed each and every specific issue that you have raised through the meet and confer process and this correspondence.

**LAW OFFICE OF
JEFFREY E. CRANE, LLC**

Very truly yours,

/s/ Jeffrey E. Crane
Jeffrey E. Crane

3

# Exhibit B

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

ETERNITY MART, INC. d/b/a     )
GREAT DEALS OF TEXAS      )
                                  )
       Plaintiff,        )
                                  )     Case No.
       v.          )
                                  )
NATURE'S SOURCES, LLC,     )
                                  )
       Defendant.     )

## COMPLAINT

Plaintiff, Eternity Mart, Inc. d/b/a Great Deals of Texas ("Plaintiff" or "Eternity Mart"), by and through its undersigned attorneys, brings this Complaint against Defendant Nature's Sources, LLC ("Defendant" or "Nature's Sources"), and alleges as follows:

## NATURE OF ACTION

1.      This is a civil action brought against Nature's Sources for: intentional interference with business relationships and defamation per se.

2.      On February 6, 2019, Nature's Sources submitted a complaint to Amazon alleging that Great Deals of Texas was marketing and/or selling counterfeit products manufactured by Nature's Sources under the brand name AbsorbAid®.

3.      After receiving notice on February 6, 2019, of Nature's Sources complaint to Amazon, Eternity Mart timely responded that it had not ever marketed or sold counterfeit AbsorbAid® products.

4.      After reviewing the matter, Nature's Sources recognized that it had falsely accused Plaintiff of counterfeiting and retracted its complaint to Amazon.

5.      Notwithstanding Nature's Sources' retraction, Amazon suspended Eternity Mart.

6.      Eternity Mart repeatedly requested that Nature's Sources inform Amazon that Eternity Mart was authorized to market and sell Nature's Sources products. For weeks, Nature's Sources refused to do so, and Amazon did not reinstate Eternity Mart.

7.      This action for intentional interference with business relationship and defamation per se claims Eternity Mart's right to recover damages caused by Nature's Sources false counterfeiting complaint to Amazon that led to Eternity Mart's suspension from doing business on Amazon for approximately four weeks.

## <u>JURISDICTION AND VENUE</u>

8.      This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1332(a).

9.      Eternity Mart is a corporation organized under the laws of Texas, with its principal place of business located in Denton, Texas. None of Eternity Mart's officers or directors are residents of Illinois.

10.     Nature's Sources is a limited liability company organized under the laws of Illinois, with its principal place of business in Niles, Illinois. Upon information and belief, none of Nature's Sources' members are residents of Texas.

11.     The amount in controversy exceeds $75,000.00, exclusive of interest and costs.

12.     Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b)(2) and (c)(2), because the lawsuit involves actions that took place in the Northern District of Illinois.

## FACTS

13.    Eternity Mart is a reseller of over 20,000 natural, organic, and specialty products carrying over 700 brands. Eternity Mart does business through a variety of on-line sites and channels, including on the omnipresent Amazon under the store front name – Great Deals of Texas.

14.    According to the Nature's Sources' website, it produces a 100% plant-based human digestive enzyme formula called AbsorbAid®. Nature's Sources sells AbsorbAid® widely throughout the United States in over 8,000 retail establishments, including, health food stores, large chains as well as independents, pharmacies, and grocery stores. In addition, Nature's Sources sells through giant distributors, such as UNFI and Threshold. AbsorbAid® is also available overseas in parts of Asia, Singapore, England, Israel, China, and Indonesia with distribution to over 4,000 retail locations.

15.    Amazon's market power and reach make it a nearly indispensable part of e-commerce for many companies, including Eternity Mart.

16.    Sales on Amazon account for approximately 97% of Eternity Mart's annual revenues.

17.    Nature's Sources represents a small fraction of Eternity Mart's product offerings, and Eternity Mart sold a de minimis quantity of AbsorbAid® products.

18.    Eternity Mart, d/b/a Great Deals of Texas on Amazon, marketed certain Nature's Sources' products, including AbsorbAid®.

19.    Eternity Mart has a distributor relationship with KeHE, Distributors, LLC ("KeHE"), which is an authorized distributor for Nature's Sources. Based on these relationships, Nature's Sources could have, but never blocked or prevented Eternity Mart from marketing AbsorbAid® on Amazon.

20.     On February 6, 2019, Amazon e-mailed Eternity Mart to report that Amazon had received a complaint that Eternity Mart was infringing on trademark rights by listing counterfeit products on Amazon. This notification identified Nature's Sources' products by Amazon Standard Identification Number ("ASIN") and identified the rights owner as Nature's Sources. (Exhibit A hereto.)

21.     On February 7, 2019, even though Eternity Mart was not infringing on trademark rights and had not listed any counterfeit products of Natures' Sources, Eternity Mart closed the product listings for the Nature's Sources products that were the subject to the complaint to Amazon.

22.     On February 26, 2019, an Amazon representative called Eternity Mart and asked for invoices, authorization to sell the AbsorbAid® products, or other evidence that Eternity Mart was not infringing on Nature's Sources' trademark rights by selling counterfeit products.

23.     During that phone call, Eternity Mart explained to Amazon that Eternity Mart had sold none of the AbsorbAid® products at issue and that Eternity Mart had not listed any counterfeit products on Amazon.

24.     Because Eternity Mart had no existing sales of the AbsorbAid® products at issue nor any corresponding invoices prior to February 26, 2019, Eternity Mart placed an order for AbsorbAid® products from KeHE, an authorized distributor, to demonstrate Eternity Mart's authority to sell Nature's Sources' products. This order generated an invoice which showed that Eternity Mart was authorized to market and sell Nature's Sources' products and that there were no counterfeit product listings.

25.     On February 27, 2019, Eternity Mart sent the aforementioned invoice to Amazon.

26.     That same day Amazon suspended Eternity Mart's store front Great Deals of Texas.

27.     Amazon notified Eternity Mart via e-mail dated February 27, 2019, that Eternity Mart's "account has been temporarily deactivated. Your listings have been removed. Funds will not be transferred to you but will stay in your account while we work with you to address this issue." (Exhibit B hereto.)

28.     Amazon explained that it took this action because Nature's Sources had reported counterfeiting regarding ASIN: B000VYXDIQ and B001E0WEUY. (*Id*.)

29.     Amazon further explained that Eternity Mart could reactivate its account by providing: proof of authenticity (e.g., invoice, Order ID, letter of authorization, licensing agreement or court order) for the alleged infringing listings. (*Id*.)

30.     Eternity Mart, with the assistance of a specialized consulting firm for Amazon appeals, immediately appealed the deactivation by submitting a plan of action to Amazon on February 27, 2019. Eternity Mart explained that: (1) it had authority to list the Nature's Sources products at issue based on its relationship with a large distributor, KeHE; (2) it had not sold Nature's Sources products at issue within the past year; (3) Nature's Sources did not do a test buy, and if it had done so, then Nature's Sources would have discovered that its counterfeit claim was unfounded; and (4) because Eternity Mart used an Amazon store front name, Great Deals of Texas, Nature's Sources wrongly concluded that product listings were counterfeit and filed false charges against Eternity Mart, which caused the shut-down of Eternity Mart's account on Amazon.

31.     As part of Eternity Mart's response on February 27, it sent Amazon an invoice reflecting a recent purchase of ASIN B000VYXDIQ and B001E0WEUY to demonstrate that these Nature's Sources products were available to Eternity Mart through an authorized distributor, KeHE.

32.     On February 27, 2019, Eternity Mart informed Amazon and Nature's Sources that Eternity Mart closed listings for ASIN B000VYXDIQ and B001E0WEUY. Eternity Mart stated to Nature's Sources that it would not sell these products and asked Nature's Sources to retract the counterfeiting claims.

33.     On March 4, 2019, Amazon rejected Eternity Mart's appeal of its suspension. Amazon repeated its prior request for proof of authenticity (e.g., invoice, Order ID, letter of authorization, licensing agreement or court order) for the alleged infringing listings and demanded that Eternity Mart clearly prove that it had not violated Nature's Sources' intellectual property rights.

34.     That same day Eternity Mart contacted Barbara Zawacki of Nature's Sources and requested a retraction of the counterfeiting claims. On March 4, 2019, Nature's Sources sent a letter to Amazon retracting the complaint against Great Deals of Texas because Nature's Sources realized that ASIN B000VYXDIQ and B001E0WEUY goods listed were authentic.

35.     On March 9 and 12, 2019, Amazon again rejected Eternity Mart's efforts to get reinstated. In addition to Nature's Sources' retraction, Amazon insisted on a letter of authorization and/or other forms of proof of product authenticity.

36.     During the first two weeks of March 2019, Eternity Mart repeatedly asked Nature's Sources to send a letter of authorization to Amazon. On March 9, 2019, Allen Kaplun of Eternity Mart met with Lee Frank, the founder of Nature's Sources, at an industry trade show (Natural Products Expo West) in Anaheim, California. Kaplun explained the situation to Frank and asked him to send a letter of authorization to Amazon. On March 12, 2019, Kaplun followed up with Barbara Zawacki to repeat the request for a letter of authorization. Nature's Sources ignored these requests and/or refused to send such a letter until March 21, 2019, when it changed course and sent

a letter to Amazon confirming that: "Eternity Mart, Inc., which operates under the Amazon storefront name Great Deals of Texas, is authorized to sell products with the Absorbaid brand on Amazon.com." (Exhibit C hereto.)

37.     On March 21, 2019, Amazon reinstated Eternity Mart.

## COUNT I – INTENTIONAL INTERFERENCE WITH BUSINESS RELATIONSHIP

38.     Plaintiff repeats and realleges paragraphs 1 through 37 as if fully restated herein.

39.     Eternity Mart has a valid business relationship with Amazon. Eternity Mart entered into its relationship with Amazon in 2012 and uses a store front, Great Deals of Texas, to do business on Amazon.

40.     In order to do business on Amazon, Eternity Mart entered into the Amazon Services Business Solutions Agreement. This Amazon Agreement sets forth terms and conditions for doing business with Amazon

41.     Eternity Mart, through the Great Deals of Texas store front, listed various products manufactured by Nature's Sources.

42.     Nature's Sources knew that its products, including ASIN B000VYXDIQ and B001E0WEUY, were listed on Eternity Mart's Amazon store front, Great Deals of Texas. The product listings were published on Amazon and clearly available to the public, including Nature's Sources. Eternity Mart marketed Nature's Sources' products on Amazon since 2015.

43.     Nature's Sources thus knew about Eternity Mart's relationship with Amazon for years, and Nature's Sources was directly informed about this business relationship on March 4, 2019, when Eternity Mart contacted Nature's Sources to explain that Eternity Mart never sold or marketed counterfeit products.

44.     On February 6, 2019, Nature's Sources complained to Amazon that Eternity Mart infringed on Nature's Sources' trademark rights by listing inauthentic or counterfeit products on Eternity Mart's Amazon store front, Great Deals of Texas.

45.     Nature's Sources complaint was based on a false accusation. Nature's Sources did not reach out to Eternity Mart prior to submitting their complaint to Amazon. Nature's Sources did not make a test purchase to determine the authenticity of products listed on Eternity Mart's Amazon store front. If Nature's Sources had taken either of the foregoing steps, it would have quickly discovered that Eternity Mart had not listed any counterfeit products.

46.     As a direct result of Nature's Sources' false counterfeiting complaint, Amazon suspended Eternity Mart and deactivated its account.

47.     Since February 27, 2019, Eternity Mart has appealed to Amazon to reinstate its account. Amazon refused because, in part, Nature's Sources would not provide a letter of authorization until March 21, 2019.

48.     Nature's Sources' actions disrupted Eternity Mart's relationship with Amazon and caused Eternity Mart to be unable to do business on Amazon since February 27, 2019. Eternity Mart thus has been damaged and lost profits in an amount not less than $90,000.

49.     In addition to lost profits, Eternity Mart suffered damages and losses as a result of Nature's Sources' false accusation of counterfeiting, including but not limited to:

   a.     $3,000 paid to a consulting firm for assistance with appealing the Amazon suspension;

   b.     $1,200 fees and $450 interest at 15% for a short-term loan that was necessary to finance operations;

   c.     as of March 31, 2019, $560.96 interest at 9.75% on a $100,000 credit line that had to be utilized, and interest continues to accrue; and

   d.     $305.62 at 3.32% interest for a $120,000 loan from a family member.

WHEREFORE, Plaintiff Eternity Mart, Inc. respectfully requests that this Court enter an order granting judgment in its favor and against Defendant for compensatory and consequential damages, attorneys' fees and costs, and such additional relief as this Court deems appropriate.

## COUNT II – DEFAMATION PER SE

50.     Plaintiff repeats and realleges paragraphs 1 through 37 as if fully restated herein.

51.     Nature's Sources falsely stated that Eternity Mart d/b/a Great Deals of Texas was infringing on trademark rights by listing counterfeit products on Amazon. Specifically, on or about February 6, 2019, Nature's Sources submitted a written complaint to Amazon in which Nature's Sources falsely accused Eternity Mart d/b/a Great Deals of Texas of infringing on Nature's Sources trademark No. 5617127 for products ASIN B000VYXDIQ and B001E0WEUY, by listing counterfeit products on the Great Deals of Texas store front on Amazon.

52.     Nature's Sources publicized the foregoing false statement to Amazon.

53.     By making the foregoing serious false charge of counterfeiting, Amazon suspended Plaintiff from doing business from February 26, 2019, until March 21, 2019.

54.     This false statement is defamatory per se because it prejudiced Plaintiff in its business. Plaintiff does most of its business through Amazon, which will not do business with counterfeiters. By falsely asserting that Plaintiff listed counterfeit products on Amazon, Defendant harmed Plaintiff's reputation, particularly with Amazon, which refused to associate with Plaintiff and prevented Plaintiff from selling on the Amazon platform for a period of weeks.

55.     Defendant's statements were made maliciously and intentionally in full knowledge of their falsity or in complete and reckless disregard of their truth or falsity. Defendant stated to Amazon that Plaintiff was counterfeiting Defendant's products with knowledge and/or reckless disregard of the falsity of this statement. Defendant did not contact Plaintiff prior to making the

statement to Amazon. Defendant did not perform a test buy to determine the authenticity of the listed products.

56.     Defendant reported counterfeiting to Amazon with a direct intention to injure the Plaintiff and with a reckless disregard of the Plaintiff's rights and the consequences that might result to it as a result of the statements.

57.     Nature's Sources' actions disrupted Eternity Mart's relationship with Amazon and caused Eternity Mart to be unable to do business on Amazon from February 27, 2019, through March 21, 2019. Eternity Mart thus has been damaged and lost profits in an amount not less than $90,000.

58.     In addition to lost profits, Eternity Mart suffered damages and losses as a result of Nature's Sources' false accusation of counterfeiting, including but not limited to:

  a.     $3,000 paid to a consulting firm for assistance with appealing the Amazon suspension;

  b.     $1,200 fees and $450 interest at 15% for a short-term loan that was necessary to finance operations;

  c.     as of March 31, 2019, $560.96 interest on a $100,000 credit line that had to be utilized, and interest continues to accrue; and

  d.     $305.62 at 3.32% for a $120,000 loan from a family member.

59.     Plaintiff seeks an award of punitive damages based upon Defendant acting willfully, or with such gross negligence as to indicate a wanton disregard of the rights of others.

60.     Punitive damages are appropriate here because Defendant falsely accused Plaintiff of counterfeiting, which caused Amazon to suspend Plaintiff for approximately four weeks and severely injured Plaintiff's business. Defendant does business nationally and internationally and has been operating since 1996.

WHEREFORE, Plaintiff Eternity Mart, Inc. respectfully requests that this Court enter an order granting judgment in its favor and against Defendant for compensatory and consequential damages, punitive damages, attorneys' fees and costs, and such additional relief as this Court deems appropriate.

Dated:  April 10, 2019

Respectfully submitted,

**ETERNITY MART, INC.**

/s/ Jeffrey E. Crane
One of Its Attorneys

Jeffrey E. Crane
Law Office of Jeffrey E. Crane, LLC
1363 Shermer Road, Suite 222
Northbrook, Illinois 60062
******************************
105 W. Madison Street, Suite 1500
Chicago, Illinois 60602
847-239-7239 (Telephone)
847-239-7202 (Facsimile)
jeff@jeffcranelaw.com

# Exhibit A

Eternity Mart Inc Mail - Notice: Policy Warning                        https://mail.google.com/mail/u/6?ik=05a0ea2313&view=pt&search=all...

Case 1:19-cv-02436 Document #: 34 Filed: 10/25/19 Page 28 of 34 PageID #:232
Case 1:19-cv-02436 Document #: 1-1 Filed: 04/10/19 Page 2 of 4 PageID #:13



**Irina Faybusovich <irina@etermart.com>**

---

# Notice: Policy Warning

---

**notice-dispute@amazon.com** <notice-dispute@amazon.com>                Wed, Feb 6, 2019 at 10:04 AM
To: irina@etermart.com

Hello,

We received a report from a rights owner that the products listed at the end of this email are inauthentic.

The rights owner is asserting that the products infringe the following trademark:
-- Trademark number 5617127

Why did this happen?
One or more of your listings may be infringing the intellectual property rights of others.

We're here to help.
If you need help understanding why your listings may infringe the intellectual property rights of others, please search for "Intellectual Property Policy" in Seller Central Help (https://sellercentral.amazon.com/gp/help/external/201361070).
How do I reactivate my listing?
Please provide one of the following to reactivate your listings:
1) A retraction of the report from the rights owner:
-- bzawacki@naturesources.com


2) An invoice or letter of authorization from the manufacturer or Rights Owner verifying the product's authenticity to notice-dispute@amazon.com. External links are not accepted. For security reasons, we only accept attachments in the following file formats: .jpeg, .jpg, .pjpeg, .gif, .png, .tiff,

Have your listings been removed in error?
If you believe there has been an error, please tell us why. Your explanation should include the following information:
-- Proof that you have never sold the reported product. We will investigate to determine if an error occurred.

OR

-- Explanation of why you were warned in error. We will investigate to determine if an error occurred.

What happens if I do not provide the requested information?
If we do not receive the requested information, your listings will remain inactive.

B000VYXDIQ
B001E0WEUY
Infringement type: Counterfeit
Trademark asserted: 5617127
Complaint ID: 5760110191

You can view your account performance (https://sellercentral.amazon.com/performance/dashboard?reftag=email_warn) or select Account Health on the home screen of the Amazon Seller app on your iOS or Android device. The Account Health dashboard shows how well your account is performing against the performance metrics and policies required to sell on Amazon.

-- iOS: https://itunes.apple.com/us/app/amazon-Seller/id794141485
-- Android: https://play.google.com/store/apps/details?id=com.amazon.sellermobile.android&hl=en

sincerely,
Amazon.com

# Exhibit B

Irina Faybusovich <irina@etermart.com>

---

## Your Amazon.com Selling Privileges have been removed

2 messages

---

**Amazon** <notice-request-dispute@amazon.com>                                    Wed, Feb 27, 2019 at 2:36 PM
Reply-To: Amazon <notice-request-dispute@amazon.com>
To: "irina@etermart.com" <irina@etermart.com>



```
Hello,

Your account has been temporarily deactivated. Your listings have been
removed. Funds will not be transferred to you but will stay in your
account while we work with you to address this issue. Please ship any open
orders to avoid further impact to your account.

Why is this happening?
We have not received a valid plan of action addressing the listings below.

Amazon previously alerted you of these issues through the warnings listed
below:

Notice one:
-- Date: 02/06/2019
-- ASIN: B000VYXDIQ B001E0WEU
-- Name of Rights Owner: bzawacki@naturessources.com
-- Infringement Type: Counterfeit

How do I reactivate my account?
To reactivate your account, please send us the following information:
-- Proof of authenticity (e.g., invoice, Order ID, letter of
authorization, licensing agreement or court order) for infringing
listings.
-- The steps you have taken to ensure that you are no longer infringing
and will not infringe in the future.
-- Other relevant information.
-- Supporting details should you believe the notice was submitted in error
or the notices are incorrect.

How do I send this information?
Please submit your plan and supporting product documentation by responding
to this email from your case log in Seller Central (https://sellercentral.amazon.
com/cu/case-lobby).

We're here to help.
Amazon does not allow listings that violate the intellectual property
rights of brands or rights owners. To learn more, please review Amazon's
Intellectual Property Policy (https://sellercentral.amazon.com/gp/help/201361070).

You can view your account's performance at (https://sellercentral.amazon.
com/performance/dashboard?reftag=email_appeal) or select Account Health on the
home screen of the Amazon Seller app on your iOS or Android device. The
Account Health dashboard shows how well your account is performing against
the performance metrics and policies required to sell on Amazon.

-- iOS: https://itunes.apple.com/us/app/amazon-Seller/id794141485
-- Android: https://play.google.com/store/apps/details?id=com.amazon.
```

sellermobile.android&hl...

Sincerely,
Seller Performance Team
Amazon.com
http://www.amazon.com

---

**Irina Faybusovich** <irina@etermart.com>                    Wed, Feb 27, 2019 at 2:38 PM
To: Allen Kaplun <allen@etermart.com>

[Quoted text hidden]

# Exhibit C

 **Nature's Sources, LLC**

March 21, 2019

Dear Amazon,

This letter confirms that Eternity Mart, Inc., which operates under the Amazon storefront name Great Deals of Texas, is authorized to sell products with the Absorbaid brand on Amazon.com.

In addition, we have retracted the intellectual property complaints we filed against Great Deals of Texas for ASINs B000VYXDIQ and B001E0WEUY (complaint IDs 5849798051 and 5859601311). These retractions have been sent multiple times to notice@amazon.com.

If you have additional questions, please contact me directly.

Sincerely,

Barbie Zawacki / Office Manager
Email: bzawacki@naturessources.com
Nature's Sources, LLC.
5665 W. Howard St.
Niles IL 60714
Phone: 847-647-8484 ext. 214
Fax: 847-647-9830
www.naturessources.com

5665 West Howard Street
Niles, IL 60714
PH: 847-647-8484 FAX: 847-647-9830
Toll Free: (800) 827-7656
WWW.NATURESSOURCES.COM

## <u>CERTIFICATE OF SERVICE</u>

The undersigned, an attorney, hereby certifies that on this 25th day of October 2019, he caused the foregoing **Plaintiff's Response to Nature's Sources LLC's Motion to Compel** to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following counsel of record:

Gary Zhao
Noah A. Frank
SMITH AMUNDSEN LLC
150 N. Michigan Ave., Suite 3300
Chicago, IL 60601
(312) 894-3377
(312) 455-3905
gzhao@salawus.com
nfrank@salawus.com
***Attorneys for Defendant Nature's Sources, LLC***

/s/      *Jeffrey E. Crane*
Jeffrey E. Crane
The Law Office of Jeffrey E. Crane, LLC
1363 Shermer Rd., Suite 222
Northbrook, IL  60062
*********************************
105 W. Madison St., Suite 1500
Chicago, IL  60602
jeff@jeffcranelaw.com
Telephone:     (847) 239-7239

***Attorney for Plaintiff Eternity Mart, Inc.***